# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,                   :          Case No. 3:07-cr-034 (1)
                                                   Also 3:08-cv-463

                                                  District Judge Walter Herbert Rice
     -vs-                                     Magistrate Judge Michael R. Merz
                                             :

CORNELIUS BURNETT,

       Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Amended Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. §2255 (Doc. No. 265). As ordered by the Court, the United States has filed an Answer (Doc. No.266) and Defendant has filed a Traverse (Doc. No. 269). The Motion is accordingly ripe for decision.

Defendant was indicted by a federal grand jury on March 27, 2007, along with eight others in an indictment charging dog fighting, firearms, drug distribution, and gambling offenses. On August 7, 2007, pursuant to a written Plea Agreement, he pled guilty to three counts involving drugs, dog fighting, and firearms offenses. After considering the Government § 5K1 Motion, the Court sentenced Defendant to concurrent 36 month sentences on the drug and dog fighting counts and 12 months concurrent on the firearms charge. Defendant took no direct appeal. He pleads the following grounds for relief:

> **Ground One:** Due process violations exist when the direct consequences of the plea was [sic] not disclosed to the Defendant, causing the plea to be involuntary.

> **Ground Two:** Counsel misrepresented the maximum exposure that the Defendant faced and counsel was ineffective due to a failure to address the Government's violation of the Plea Agreement.
>
> **Ground Three:** The Court is required to consider and make a ruling on the Defendant's reduction of sentence for substantial assistance concerning concurrent sentence.

(Amended Motion, Doc. No. 265)

## Ground One: Voluntariness of the Plea

In his first ground for relief, Defendant asserts his plea in this case was not voluntary because District Judge Rice did not advise him of the direct consequences of his plea, to wit, that the judge could not order his federal sentence to run concurrently with a state sentence which had not yet been imposed. Although stated in two unpublished opinions, that is apparently the law in the Sixth Circuit. *United States v. Quintero*, 157 F. 3d 1038, 1040, n.1 (6th Cir. 1998), *citing United States v. Means,* 124 F.3d 201, 1997 WL 584259, at *2 (6th Cir. 1997); *United States v. Abro,* 116 F.3d 1480, 1997 WL 345736 (6th Cir. 1997).

The Supreme Court has held that "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States,* 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828, 839 (1998), citing *Reed v. Farley*, 512 U.S. 339 354, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994). Defendant took no direct appeal in this case, although advised of his right to do so. Because the voluntariness of the plea was not challenged on direct appeal, it cannot be challenged on a § 2255 Motion.

In any event, the claim is without merit. Defendant reads the Sixth Circuit precedent as requiring that any federal sentence be served concurrently with any after-imposed state sentence. That would mean the federal court would be mandated to do what the Circuit Court said in *Means*

and *Abro* it was without authority to do.

## Ground Two: Ineffective Assistance of Counsel

In his second ground for relief, Mr. Burnett avers his trial attorney, Assistant Federal Public Defender F. Arthur Mullins, was ineffective for misrepresenting his maximum exposure and to address the Government's failure to abide by the Plea Agreement.

The governing standard for effective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 106 S. Ct 2464, 91 L. Ed. 2d 144 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

The gist of Defendant's claim is that Mr. Mullins did not tell him that the state court could impose a consecutive sentence. However, Mr. Mullins was not representing Mr. Burnett in the state case and expressly told him that he could not give him advice about that case. Mr. Burnett avers that he was somehow misled to believe the state court sentence would be concurrent, but no such representation was made in Mr. Mullins' presence and Mr. Burnett stated in the plea colloquy before Judge Rice that no such promise had been made.

Nor has Defendant produced any evidence that the Plea Agreement was violated, for there is no promise in the Plea Agreement that the state and federal sentences would be concurrent. The United States kept its promise to file a § 5K1 motion and Defendant received a very substantial reduction in sentence as a result. Whatever Defendant may have learned from "unwritten jurisprudence" suggesting that the basic reduction on a 5K1 motion is 50%, he in fact received a very substantial reduction.

### Ground Three: Ruling on the § 5K1 Motion

In his third ground for relief, Defendant argues that a district court is required to rule on a § 5K1 motion prior to sentencing and then suggests this Court should vacate his sentence and re-

4

sentence him now to concurrent state and federal sentences.

While this result would not run afoul of *Means* and *Abro* because the state sentence has already been imposed, it would amount to granting § 2255 relief merely as a matter of discretion and without the required proof that the sentence was imposed in violation of the United States Constitution. Relief under § 2255 is in the nature of habeas corpus relief and "available to check violations of federal laws when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994), citing *Hill v. United States*, 368 U.S. 424, 428 (1962); accord, *United States v. Timmreck*, 441 U.S. 780, 783 (1979); *Davis v. United States*, 417 U.S. 333, 346 (1974).

**Conclusion**

All the stated grounds for relief are without merit and/or barred by failure to present them on direct appeal. The Motion should therefore be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, Defendant should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

February 3, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C),

or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).